**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| SHAQUILL ALLAH, | CIVIL ACTION NO. 06-2087 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| OCEAN COUNTY JAIL, et al., |  |
| Defendants. |  |

**COOPER, District Judge**

The plaintiff, a prisoner in Ocean County Jail when he filed the complaint, brings this action under 42 U.S.C. § 1983 for violations of constitutional rights. The Court will grant his application for in-forma-pauperis relief under 28 U.S.C. § 1915 (dkt. entry no. 1), and direct the Clerk of the Court to file the complaint. However, the Court will dismiss the complaint.[1]

### BACKGROUND

The plaintiff asserts that he (1) had a fight with another inmate, (2) was charged with a disciplinary infraction for assault, (3) went before a hearing officer for a disciplinary proceeding, (4) requested that a certain witness be called, and the request was denied, and (5) was found guilty and sentenced to fifteen days disciplinary detention. (Dkt. entry no. 1, Compl., at 5-6.) The plaintiff alleges that (1) the defendants violated

---

[1] It appears that the plaintiff (1) was a pre-trial detainee when he filed the complaint, (2) has been convicted and sentenced, and (3) is now in New Jersey State Prison. See http://www.state.nj.us/corrections (offender search).

the Fifth and Fourteenth Amendment rights to due process and equal protection by denying his request to call a witness, and (2) he is entitled to injunctive and monetary relief.  (Id. at 2-7.)

### DISCUSSION

**I.   Standard**

The Court must review a prisoner's claim brought under 42 U.S.C. § 1983 to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).

The Court must construe a pro se complaint liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  But the Court need not credit a plaintiff's bald assertions or legal conclusions.  Id.

**II.  Plaintiff's Claims**

The plaintiff alleges that he was sentenced to disciplinary detention for a short period of time, i.e., fifteen days.  He does not allege that the detention was substantial, unreasonable, or an extreme response to an infraction that affected the institution's security and orderly administration.

The plaintiff suffered no constitutional harm under these circumstances.  See Torres v. Fauver, 292 F.3d 141, 150-52 (3d Cir. 2002) (affirming order granting defendants' motion for summary judgment, as, inter alia, prisoner placed in disciplinary detention for only fifteen days); Sacaza-Jackson v. Aviles, No. 06-4492, 2007 WL 38905, at *5 (D.N.J. Jan. 4, 2007) (dismissing complaint where prisoner served three days in detention); Pilkey v. Lappin, No. 05-5417, 2006 WL 1797330, at *2-*3 (D.N.J. June 26, 2006) (dismissing complaint where plaintiff served 156 days in administrative confinement); see also Shabazz v. Felsnik, 129 Fed.Appx. 726, 727 (3d Cir. 2005) (noting district court dismissed claim concerning fifteen-day disciplinary detention).  The defendants, in placing the plaintiff in disciplinary detention for fifteen days, did not "impose[] atypical and significant hardship on the [plaintiff] inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  Thus, the Court will dismiss the complaint.

## CONCLUSION

The complaint fails to state a claim upon which relief may be granted.  The Court will dismiss the complaint, designate the action as closed, and issue an appropriate order and judgment.

          s/ Mary L. Cooper
          **MARY L. COOPER**
          United States District Judge